# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEKSANDER SVERDLOV, | ) Civil Action No. _____ |
| Plaintiff, | ) |
| v. | ) |
| BORIS EYDINOV, ALEXANDER EYDINOV, LYNN ADHC LLC, ALEXANDER ZELYONY, EAST POINT ADHC LLC, EDUARDO VALDEZ, and JOHN DOES 1 THROUGH 5 | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Aleksander Sverdlov ("Plaintiff" or "Sverdlov"), by and through his attorneys, Fox Rothschild LLP, hereby files this Complaint against defendants Boris Eydinov ("B. Eydinov"), Alexander Eydinov ("A. Eydinov"), Lynn ADHC LLC ("Lynn"), Alexander Zelyony ("Zelyony"), East Point ADHC LLC ("East Point"), Eduardo Valdez ("Valdez") and John Does 1 through 5 (collectively "Defendants") and alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is an action to recover moneys due under three promissory notes. Two of the smaller notes have been partially repaid and while the largest of the three, in the approximate amount of $520,000 remains outstanding and due. Plaintiff seeks a judgment on the notes for all amounts recoverable against the signatory debtor, B. Eydinov who was purportedly acting for his son, defendant A. Eydinov as well as certain non-signatories named herein.

### II.    JURISDICTION AND VENUE

2.    Subject matter jurisdiction is premised on 28 U.S.C. §1332, diversity of citizenship.

3. Specific personal jurisdiction exists over Defendants because they, *inter alia*, (i) entered into one or more promissory notes made in Massachusetts and governed by Massachusetts law; (ii) a substantial portion of the obligations giving rise to this action occurred in the Commonwealth of Massachusetts; (iii) Defendants are residents of the Commonwealth of Massachusetts; and (iv) the claims at issue arise from transactions and/or occurrences that took place in Massachusetts.

4. Venue is proper because the causes of action arose in Suffolk County and/or Essex County, Massachusetts.

### III. PARTIES

5. Plaintiff is a Florida resident.

6. Defendant B. Eydinov is a Massachusetts resident.

7. Defendant A. Eydinov is a Massachusetts resident.

8. Defendant A. Zelyony is a Massachusetts resident.

9. Defendant Lynn is a Massachusetts limited liability company whose members are B. Eydinov, A. Eydinov and the John Doe Defendants.

10. No member of Lynn is a Florida resident.

11. The John Doe Defendants are, upon information and belief, Massachusetts residents.

12. Defendant East Point is a Massachusetts limited liability company.

13. Defendant Eduardo Valdez is, upon information and belief, a Massachusetts resident.

### IV. FACTUAL BACKGROUND

14. Lynn operates an adult day care center in Lynn, Massachusetts.

15. On or about June 4, 2019, Defendant B. Eydinov executed and delivered to Plaintiff a Promissory Note in the amount of $520,000 (the "First Note"). A copy of the First Note is attached as **Exhibit "A".**

16. Pursuant to the First Note, the entire unpaid principal balance under the First Note was due on the earlier of (i) the sale of Lynn or (ii) April 1, 2020.

17. Pursuant to § 3 of the First Note, Defendant B. Eydinov represented "under oath that he is the owner of certain interest (although his son [Defendant A.] Eydinov might be registered as a legal owner [sic] in the business known as [Lynn]. . . ."

18. Pursuant to §3 of the First Note, Defendant B. Eydinov agreed to "pledge and assign his/his son's entire interest in Lynn . . . . as a collateral under the terms of this Note . . . ." and that he "verbally informed all his partners in Lynn . . . . of such collateral and received no objections to the same."

19. Defendant Zelyony is, upon information and belief, one of the "partners" who consented to the pledge of collateral.

20. The remaining "partners" referenced in §3 of the First Note are the John Doe Defendants whose identities are unknown to Plaintiff absent discovery.

21. On or about June 4, 2019, Defendant B. Eydinov executed and delivered to Plaintiff a second Promissory Note in the amount of $20,000 (the "Second Note"). A copy of the Second Note is attached as **Exhibit "B".**

22. Pursuant to the Second Note, the entire unpaid principal balance under the Second Note was due on the earlier of (i) the sale of East Point; (ii) sale of Lynn or (ii) January 15, 2020.

23. The default interest rate applicable after the Maturity Date is 10%.

24. On or about February 20, 2020, defendant A. Eydinov delivered onto Plaintiff a check in the amount of $20,000 drawn on a bank account at Rockland Trust, which was deposited and returned for non-sufficient funds ("NSF"). *See,* **Exhibit "C".**

25. On or about March 11, 2020, the bounced check was replaced with a certified check in the amount of $19,000 also drawn on an account at Rockland Trust and was deposited and cleared.

26. The entire principal on the Second Note has not been repaid to date.

27. The default interest on the Second Note accruing on and after the Maturity Date and all other recoverable expenses, including bounced check fees, have not been paid to date.

28. On or about June 4, 2019, Defendant B. Eydinov executed and delivered to Plaintiff a third Promissory Note in the amount of $17,000 (the "Third Note"). A copy of the Third Note is attached as **Exhibit "D".**

29. The Third Note confirmed a pre-existing indebtedness owed as of January 1, 2019.

30. Pursuant to the Third Note, the entire unpaid principal balance under the Third Note was due no later than January 1, 2020.

31. Pursuant to the Third Note, interest on the outstanding principal accrued at the rate of 9%.

32. On or about February 20, 2020, defendant B. Eydinov delivered onto Plaintiff and/or his designee a check in the amount of $17,000.

33. Deposit of the $17,000 check was delayed due to the return of a $20,000 check issued on the same date for NSF.

34. The $17,000 payment posted to Plaintiff's account on August 12, 2020.

35. The default interest on the Third Note accruing on and after the Maturity Date is 13%.

36. The interest and default interest on the Second Note and all other recoverable expenses have not been paid to date.

37. The First Note, Second Note, Third Note are referred to, from time to time, as the "Notes".

38. Defendants failed to make all of the monthly payments under the Notes when due and failed to make payments in full on the Maturity Date as set forth in the Notes.

39. As a result of their failure to make all payments when due, Defendants defaulted under the Notes.

40. The Notes have never been sold, transferred or assigned.

41. No notice is required under the Notes.

42. All conditions precedent to this action have been performed, have been excused, have been waived, or have otherwise occurred.

43. Plaintiff has been required to retain the services of the undersigned counsel for the purposes of bringing this action and Plaintiff is obligated to pay a reasonable fee for their services.

44. Pursuant to the terms of the Notes, Plaintiff is entitled to recover his reasonable counsel fees and costs from Defendants for this action.

## COUNT I
### [BREACH OF NOTES: PLAINTIFF V. B. EYDINOV]

45. Plaintiff restates and incorporates by reference all of the allegations contained in paragraphs 1 through 44 above as if more fully stated herein.

46. The Notes are a valid and binding contract between Plaintiff and Defendants.

47. Pursuant to the terms of the First Note, B. Eydinov agreed to pay Plaintiff the sum of $520,000 by April 1, 2020.

48. Furthermore, pursuant to the terms of the First Note, absent full repayment by April 1, 2020, the obligations under the First Note were converted to a 36-month fixed-term loan, at an interest rate of 7.5%, with a principal payment of $14,444 and an interest payment of $3,250, due on April 1, 2020 and the first of each subsequent month.

49. Defendant B. Eydinov failed to make full payment on or before April 1, 2020 and failed to make the first or any subsequent installment payments of principal and interest contemplated under the First Note on or after April 1, 2020.

50. Pursuant to the First Note, a 15% default rate of interest applies on the outstanding indebtedness under the Second Note effective May 15, 2020.

51. Pursuant to the terms of the Second Note, defendant B. Eydinov agreed to pay Plaintiff the sum of $20,000 as follows:  $10,000 on November 1, 2019 and the remaining $10,000 no later than January 15, 2020.

52. Defendant B. Eydinov failed to make full payment(s) under the Second Note when due.

53. Pursuant to the Second Note, a 10% default rate of interest applies on the outstanding indebtedness under the Second Note effective January 15, 2020.

54. Pursuant to the terms of the Third Note, defendant B. Eydinov agreed to pay Plaintiff the sum of $17,000, together with interest at the rate of 9% per annum on or before November 1, 2019.

55. Defendant B. Eydinov failed to make interest payments or the full payment(s) under the Third Note when due.

56. Pursuant to the Third Note, a 13% default rate of interest applies on the outstanding indebtedness under the Third Note effective November 1, 2019.

57. Defendant B. Eydinov has failed and refused to pay Plaintiff amounts due, with interest and fees, as required by the Notes.

58. Accordingly, Defendant B. Eydinov has breached the Notes.

59. Plaintiff has suffered damages as a result of defendant B. Eydinov's breach of the Notes.

## COUNT II
## [UNJUST ENRICHMENT: PLAINTIFF V. ALL DEFENDANTS]

60. Plaintiff restates and incorporates by reference all of the allegations contained in paragraphs 1 through 59 above as if more fully stated herein.

61. Plaintiff conferred a benefit upon Defendants by way of the funds received by them.

62. Defendants accepted and retained the benefit of those funds.

63. Defendants' acceptance and retention of the benefit of those funds under the circumstances presented make it inequitable for them to retain those benefits without paying Plaintiff for the value thereof.

## COUNT III
## [ALTER EGO: PLAINTIFF V. ALL DEFENDANTS]

64. Plaintiff restates and incorporates by references all of the allegations contained in paragraphs 1 through 63 above as if more fully stated herein.

65. At all relevant times each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein, acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture.

66. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

67. At all times relevant hereto, defendant Lynn was the alter ego of defendants B. Eydinov, A. Eydinov, Zelyony and the John Doe Defendants (the "Lynn Group").

68. At all times relevant hereto, defendant East Point was the alter ego of defendants B. Eydinov, A. Eydinov and Valdez (the "East Point Group").

69. At all times herein mentioned has existed, a unity of interest and ownership as among the participants in the Lynn Group and the East Point Group and as between the Lynn Group and the East Point Group such that any separateness between them has ceased to exist in that Defendants completely controlled, dominated, managed, and operated the other Defendants to suit his/their convenience.

70. Specifically, at all times relevant hereto, Defendants collectively (1) controlled the business and affairs of Lynn and East Point and their affiliates, (2) commingled the funds (including borrowed funds) and assets of the corporate entities, and diverted corporate funds and assets for his own personal use; (3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; (4) used the same office or business location and employed the same employees for all the corporate entities; (5) held himself out as personally liable for the debts of the corporate entities; (6) used the corporate entities as a mere shells, instrumentalities or conduits for himself and/or his individual businesses; (7) used the

8

corporate entities to procure labor, services or merchandise for another person or entities; (8) manipulated the assets and liabilities between the corporate entities so as to concentrate the assets in one; (9) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or (10) used the corporate entities to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

71. In furtherance of the aforesaid, and without limitation, (i) Lynn and East Point share the same registered agent; (ii) the sale of Lynn and East Point are maturity events under one of more of the Notes; (iii) Zelyony is a manager of Lynn and East Point; (iv) A. Eydinov organized Lynn and East Point and continue to act as its representative; and (v) B. Eydinov acted on behalf of Lynn and East Point such that he pledged assets under his control and/or beneficially owned by his son, A. Eydinov, as collateral for the obligations set forth above.

72. Furthermore, upon information and belief, Lynn and East Point were structured in a manner designed to give B. Eydinov actual and/or constructive control of business affairs while concealing his participation given, *inter alia*, his bar from participating in businesses that receive federal and/or state health care reimbursements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands Judgment against Defendants, jointly and severally, for damages, with interest, plus costs, and such further relief that the Court deems just and proper.

    Respectfully submitted,

By: /s/ Ernest Edward Badway, Esq.
    Ernest Edward Badway (BBO # 562641)
    Ely Goldin (*pro hac vice to be submitted*)
    FOX ROTHSCHILD LLP
    101 Park Avenue, Suite 1700

Dated: September 24, 2020

New York, NY  10178
Telephone: (212) 878-7986
Facsimile: (212) 692-0940
ebadway@foxrothschild.com
egoldin@foxrothschildcom