UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11744-RWZ

ALEXANDER SVERDLOV

v.

BORIS EYDINOV, et al.

MEMORANDUM & ORDER

June 2, 2021

ZOBEL, S.D.J.

On June 4, 2019, defendant Boris Eydinov executed and delivered to plaintiff three promissory notes in the total principal amount of $557,000. They carried various interest rates and each had a different repayment date. They remain largely unpaid. In Count I, plaintiff seeks to recover what he is owed by Boris.[1] The amended complaint further alleges that the notes were secured by an interest in two adult day care centers, Lynn Adult Day Health Care ("ADHC") and East Point ADHC, owned by Boris' son, Alexander. The other named defendants in this case ("Moving Defendants") thus include Alexander, the two centers, and two individuals affiliated with the centers, Zelyony and Eduardo Valdez.[2] These defendants, excluding Boris, have moved to

---

[1] The court will refer to defendants Boris and Alexander Eydinov by their first names to avoid confusion. Plaintiff, also named Alexander, will be "plaintiff," and defendant Alexander Zelyony will be "Zelyony."

[2] Boris does not join the motion to dismiss.

1

dismiss the two counts of the amended complaint, unjust enrichment and corporate veil piercing, against them. (Docket # 17). For the reasons set forth below, the motion is allowed.

I.  **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For purposes of this motion, the court must accept all factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

II. **Analysis**

In Count II of the amended complaint, plaintiff asserts a claim against the Moving Defendants on the theory of unjust enrichment. "Massachusetts law provides an equitable remedy where there has been 'unjust enrichment of one party and unjust detriment to the other party.'" Plastic Surgery Assocs., S.C. v. Cynosure, Inc., 407 F. Supp. 3d 59, 82–83 (D. Mass. 2019) (quoting Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 234 n.7 (1st Cir. 2005)). "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." In re Lupron Mktg. & Sales Practices Litig., 295 F. Supp. 2d 148, 182 n.38 (D. Mass. 2003) (quoting Guyana Tel. & Tel. Co. v. Melbourne Intern., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003)).

In Count III, plaintiff asserts a claim styled as an "alter ego action to pierce the corporate veil . . . . and impose liability jointly and severally [against] all defendants." (Docket # 15 at 8). "In 'rare particular situations to prevent gross inequity,' disregard of separate corporate entities may be warranted, i.e., it is permissible to pierce the corporate veil." Evans v. Multicon Constr. Corp., 574 N.E.2d 395, 398 (Mass. App. Ct. 1991) (quoting My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E.2d 748, 752 (Mass. 1968)). Although piercing the corporate veil or recognizing an alter ego is a remedy rather than a claim, other courts have allowed such a "claim" to proceed as a "mechanism for securing damages." Gen. Hosp. Corp. v. Esoterix Genetic Labs, LLC, No. 18-cv-11360, 2019 U.S. Dist. LEXIS 150986, at *14 (D. Mass. Sept. 4, 2019).

The Moving Defendants are not obligors on the notes. Plaintiff alleges generally that Boris used the borrowed funds for the benefit of Lynn ADHC and East Point ADHC and that, therefore, the other defendants must have known about the notes. While the notes reference East Point ADHC, and/or Lynn ADHC, they do not specify that the borrowed funds were to be used for those entities, as plaintiff suggests in his complaint. Instead, the notes demonstrate that the Moving Defendants did not assume any obligation to repay plaintiff for the funds Boris borrowed.[3] Plaintiff has insufficiently alleged that the Moving Defendants had any obligation to him and therefore has not plausibly alleged that he is entitled to relief from them.

---

[3] The first note indicates that Alexander joined Boris "by signing the Collateral Assignment of his shares/interest in Lynn ADHC LLC and agree[d] to said pledge and assignment." (Docket # 15-1 at 3). However, Alexander did not sign the note, nor is there a separate "collateral assignment" attached to the note.

3

## III. Conclusion

The Moving Defendants' motion to dismiss (Docket # 17) is ALLOWED.

June 2, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE