UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11744-RWZ

ALEXANDER SVERDLOV

v.

BORIS EYDINOV, et al.

MEMORANDUM & ORDER

August 19, 2021

ZOBEL, S.D.J.

Defendant Boris Eydinov executed and delivered to plaintiff three promissory notes in the total principal amount of $557,000, which remain largely unpaid. The amended complaint alleged that the notes were secured by an interest in two adult day care centers, Lynn Adult Day Health Care ("ADHC") and East Point ADHC, owned by Boris' son, Alexander.[1] A group of defendants, including Alexander, moved to dismiss counts II and III of the amended complaint.[2] In its order allowing the motion, the court noted that the moving defendants, unlike Boris, were not obligors on the notes. (Docket # 20). Overall, plaintiff "insufficiently alleged that the Moving Defendants had any obligation to him and therefore has not plausibly alleged that he is entitled to relief from

---

[1] The court will refer to defendants Boris and Alexander Eydinov by their first names to avoid confusion. Plaintiff, also named Alexander, will be "plaintiff."

[2] Boris did not join the motion to dismiss.

1

them." (Id. at 3). Plaintiff now asks the court to reconsider and to allow him to amend his complaint. (Docket # 22). For the reasons set forth below, the motion is denied.

## I. Motion for Partial Reconsideration

Plaintiff moves for partial reconsideration, citing Federal Rule of Civil Procedure 59(e) and claiming that new evidence has come to light as to dismissed defendants Alexander, Lynn ADHC, and East Point ADHC. (Docket # 23 at 6–7, 11). The evidence cited in the memorandum in support of his motion and in the proposed second amended complaint, however, is not new. Instead, this "new" evidence includes information previously known to plaintiff as well as allegations collected from an unverified complaint filed by another party against Boris and Alexander in state court. It provides no basis for the extraordinary relief plaintiff seeks and the motion for reconsideration is denied.

## II. Motion to Amend

Plaintiff also seeks leave to amend his complaint to add claims against Boris, and to add claims against dismissed defendants Alexander, Lynn ADHC, East Point ADHC, and an additional entity, Sigma Management Group, LLC ("Sigma"), which is allegedly linked to Boris and Alexander. Again, plaintiff presents no new evidence in support of the proposed second amended complaint.

When considering a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2), "[c]ourts are instructed to 'freely give leave when justice so requires.' This permissiveness, though, extends only so far. A court may deny leave to amend for a variety of reasons, including 'futility, bad faith, undue delay, or a dilatory

motive on the movant's part.'" Privitera v. Curran (In re Curran), 855 F.3d 19, 27–28 (1st Cir. 2017) (citations omitted) (first quoting Fed. R. Civ. P. 15(a)(2); then quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)). "When—as in this case—a plaintiff seeks to amend [his] complaint prior to the commencement or completion of discovery," the court will "view futility through the lens of Federal Rule of Civil Procedure 12(b)(6)." Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019). "So viewed, a proposed amendment is futile if it fails to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The proposed claim of unjust enrichment against Alexander, East Point ADHC, Lynn ADHC, and Sigma is futile as it does not address the deficiencies identified in the court's order on the motion to dismiss. The proposed claim of unjust enrichment against Boris is futile as the notes provide plaintiff with an adequate remedy at law. See Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017) ("Massachusetts law does not permit litigants 'to override an express contract by arguing unjust enrichment.'" (quoting Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 130 (1st Cir. 2006))).[3] For the same reasons, the proposed claim of money had and received against Boris, Alexander, East Point ADHC, Lynn ADHC, and Sigma is also futile. See Reed v. Zipcar, Inc., 527 F. App'x 20, 24 (1st Cir. 2013) (affirming dismissal where plaintiff had an adequate remedy at law and noting that "the claim of money had and received is simply a narrower form of an unjust enrichment" claim).

---

[3] Boris has not moved to dismiss the unjust enrichment claim against him in the amended complaint, but objects to its inclusion in the proposed second amended complaint. (Docket # 31 at 5).

3

The proposed claim of breach of the covenant of good faith and fair dealing against Boris is futile because plaintiff makes only a conclusory allegation that Boris never intended to repay the notes. In addition, this claim relies on allegations—not facts—from an unverified complaint in another case.[4]

The proposed claim of a violation of Chapter 93A, § 11 against Boris, Alexander, East Point ADHC, Lynn ADHC, and Sigma is futile because plaintiff's own allegations undermine it. "Section 11 allows private causes of action under chapter 93A by '[a]ny person who engages in the conduct of any trade or commerce.'" Geis v. Nestlé Waters N. Am., Inc., 321 F. Supp. 3d 230, 243 (D. Mass. 2018) (quoting Mass. Gen. Laws ch. 93A, § 11). "This section of the statute 'governs commercial transactions between two parties acting in a business context.'" Id. (quoting Kraft Power Corp. v. Merrill, 981 N.E.2d 671, 682–83 (Mass. 2013)). Rather than describing a business arrangement, however, plaintiff indicates that he and Boris were friends and that he loaned money to Boris through a "handshake agreement" that was later formalized by the notes at issue. (Docket # 22-1 at ¶¶ 10, 33). This belies his attempts to characterize the loan as taking place in a business context as required under § 11. See Kunelius v. Town of Stow, 588 F.3d 1, 16 (1st Cir. 2009) ("[W]hether an isolated transaction takes place in a 'business context' must be determined from the circumstances in each case, such as the frequency of similar transactions, the motivation behind the transaction, and the role of the participant in the transaction.").

Lastly, the proposed claim of foreclosure on collateral against Boris, Alexander, Lynn ADHC, and John Doe defendants is futile because it is a remedy rather than a

---

[4] In that case, a different plaintiff alleges that Boris defaulted on loans, but does not allege bad faith.

4

claim. See Jones v. Cavazos, 889 F.2d 1043, 1048 (11th Cir. 1989) (describing foreclosure on collateral as a remedy); SE Prop. Holdings, Inc. v. Iola Holdings, Ltd. Liab. Co., No. 12-cv-00155, 2012 U.S. Dist. LEXIS 106340, at *4 (N.D. Fla. July 31, 2012) (same).[5]

Plaintiff's proposed amendments fail to state plausible claims against Boris, Alexander, East Point ADHC, Lynn ADHC, and Sigma, wherefore leave to amend is denied.

### III. Conclusion

The motion (Docket # 22) is DENIED.

August 19, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff may be entitled to this remedy if he prevails against Boris.

5